IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

        Plaintiff,                     No. CIV S-09-2665 EFB P

   vs.

J.W. HAVILAND, et al.,

        Defendants.        <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claims against defendants Rosario, Palwick and Peel. Currently before the court is plaintiff's August 16, 2010 motion to compel defendants to respond to plaintiff's discovery requests and to pay plaintiff his reasonable expenses for filing the motion. Dckt. No. 27. For the reasons stated below, plaintiff's motion is granted in part and denied in part.

      Plaintiff seeks to compel defendants to respond to the following discovery requests:

**1.**      **Request for Production of Documents, Set One, No. 5**

      In this request, plaintiff sought "[a]ll photography of Cell 141 Facility 1 Building 4." Dckt. No. 27 at 2. Defendants responded that there are no documents responsive to this request. Dckt. No. 28 at 2-3. In his motion, plaintiff asserts, without elaboration, that the requested

photograph "must exist." Dckt. No. 27 at 2. In their opposition, defendants confirm that a "good faith inquiry by defendants revealed that no such photos exist." Dckt. No. 28 at 3. The court cannot compel defendants to produce a photograph that does not exist. Defendants have certified under oath that a reasonable search has been conducted and no such photos were found to exist. Plaintiff simply quarrels with the veracity of that representation but presents no information to show that it is false. Accordingly, plaintiff's motion is denied as to this request.

**2.     Request for Production of Documents, Set One, No. 6**

In this request, plaintiff sought "[a]ll daily movement sheets on facility 1 and 2 from January 2009 - May 2009, and who was on duty." Dckt. No. 27 at 2. Defendants objected to this request as compound, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome and overly broad, as well as containing confidential information that could compromise prison security if disclosed. Dckt. No. 28 at 3.

As the moving party, plaintiff bears the burden of informing the court why defendants' objections are not justified or why the response provided is deficient. Plaintiff failed to do this in his motion. In his reply, however, plaintiff argues that the daily movement sheets will show that he was forced to remain in an upper bunk from January 23, 2009 through May 23, 2009. Dckt. No. 29 at 2. As defendants acknowledge, "[p]laintiff claims that defendant correctional officers were deliberately indifferent to his medical needs by failing to move him to a lower bunk at CSP-Solano between January 2009 and May 2009." Dckt. No. 28 at 2. Plainly, the information relating to where plaintiff was housed, specifically, in an upper bunk or a lower bunk during this limited time period, is relevant to this claim.

Defendants argue that production of the daily movement sheets is burdensome because roughly 20 to 30 pages of daily movement sheets are produced each day, and personal information of correctional staff and other inmates would have to be redacted from each page. *Id.* at 4. This is a burden typical of responding to document discovery and does not present an extraordinary circumstance. The court finds that the benefit to plaintiff of receiving the

requested information outweighs the burden described by defendants in producing such documents. Plaintiff's motion is granted as to this request. Defendants are ordered to produce information as to where plaintiff was housed (i.e., upper bunk or lower bunk) from January 23, 2009 to May 23, 2009. To the extent defendants are able to provide plaintiff with this information through means less onerous than production of the daily movement sheets, they are permitted to do so with appropriate redaction. Concerns relating to privacy and security, such as "first names" and "personal information of other inmates," may be addressed though redaction. *See id.*.

### 3. Request for Production of Documents, Set One, No. 8

In this request, plaintiff sought "[a]ll documents, records, or evidence of the same (to include court pleading correspondence, and deposition transcripts) from any prior lawsuit filed against Defendants ROSARIO, PALWICK and PEEL." Dckt. No. 27 at 3. Plaintiff seeks the information to show that defendants violated a prisoner's rights before. Dckt. No. 29 at 4. Defendants objected to this request as compound, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Dckt. No. 28 at 4. The objections are well-taken. Plaintiff's request is not limited in time or scope and is not reasonably calculated to lead to the discovery of evidence relevant to his Eighth Amendment claims. Accordingly, plaintiff's motion is denied as to this request.

### 4. Interrogatories, Set One, No. 9

In this request, plaintiff asked,"[w]ithin 24 hours before the incident did [defendants] use or take any of the following substances: alcholic [sic] beverage, marijuana, or other drug or medication." Dckt. No. 27 at 4. Each defendant objected to this request as vague and ambiguous as to the term "incident," not reasonably calculated to lead to the discovery of admissible evidence, and as invading defendants' rights to privacy. Dckt. No. 28 at 5. While evidence that a person was under the influence of a drug or alcohol during that person's involvement in a discrete event that resulted in an injury may well lead to relevant and

1 admissible evidence, plaintiff here alleges that during the period of January 2009 through May
2 2009 he was housed in an upper bunk when, for medical reasons, he should have been housed in
3 a lower bunk. He has not alleged a discrete act or event that would lend relevance to this
4 discovery request. Accordingly, defendants' objections on that ground are well-taken. While
5 plaintiff argues that the information may show that a defendant suffered from impaired
6 judgment, the court deems the request as currently drafted a mere fishing expedition. Dckt. No.
7 29 at 4; *see Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
8 condone the use of discovery to engage in 'fishing expeditions.'"). Accordingly, plaintiff's
9 motion is denied as to this request.

Plaintiff's request for sanctions in the form of expenses for filing the motion is denied.

Accordingly, it is hereby ORDERED that plaintiff's motion to compel is granted as to plaintiff's Request for Production of Documents, Set One, No. 6, in that defendants are ordered to provide plaintiff with information, redacted if necessary, as to where plaintiff was housed (i.e. upper bunk or lower bunk) from January 23, 2009 to May 23, 2009, within 30 days of the date of this order. In all other respects, plaintiff's motion is denied.

Dated: October 26, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE