IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

    Plaintiff,                    No. CIV S-09-2665 GEB EFB P

    vs.

J.W. HAVILAND, et al.,

    Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On December 6, 2010, plaintiff filed an opposition to defendants' supplemental discovery response, which the court construes as a motion to compel. Dckt. No. 40. On December 10, 2010, plaintiff requested an extension of time to file an opposition to defendants' December 3, 2010 motion for summary judgment. Dckt. No. 41. For the reasons stated, both motions are denied.

      On October 26, 2010, the court granted, in part, plaintiff's earlier filed motion to compel, and ordered defendants "to provide plaintiff with information, redacted if necessary, as to where plaintiff was housed (i.e. upper bunk or lower bunk) from January 23, 2009 to May 23, 2009 . . . ." Dckt. No. 36 at 4. Plaintiff now objects to the housing report provided by defendants in response to the court's order. Specifically, plaintiff requests "a written description of the

housing report explaining the information" therein and contends that the housing report is incomplete because it does not account for the month of March 2009.  Dckt. No. 40.

Having reviewed the housing report that defendants provided to plaintiff in response to the court's order, together with defendants' opposition to plaintiff's motion to compel, the court must deny plaintiff's motion.  In their opposition, defendants respond to plaintiff's request for a written explanation of the information contained in the housing report with an assertion that the pertinent portions of the housing report "should be self-explanatory."  Dckt. No. 42 at 2. However, defendants' own explanation of the information provided by the housing report, offered in their opposition, makes it apparent that the report needed to be decoded.

> The first four digits in the "Transaction Date & Time" column refer to the year. The fifth and sixth digits refer to the month, the seventh and eighth digits indicate the day, and the remainder of the numbers indicate the time (hours, minutes, and seconds on a 24-hour clock). The entries in the "Transaction Date & Time" column appear in chronological order. Although the "Transaction" column is not relevant in determining whether plaintiff was housed in an upper or lower bunk, "ADM" is admission, "BCM" is bed/cell move, "TRI" is transfer in, "TRO" is transfer out, "TRL" is temporary release, and "RTR" is return from temporary release. The last four characters in the "Cell Bed" column consist of a three-digit cell number followed by an alphabetic bunk indicator - "U" for upper bunk, and "L" for lower bunk.

Dckt. No. 42 at 2-3.  Given defendants' explanation of the housing report, it is now apparent that the report shows plaintiff's cell and bunk location from November 21, 2007 through September 30, 2010.  *See* Dckt. No. 42, Ex. A.  Defendants explain that no March 2009 dates appear on the report because there were no housing moves for plaintiff during that time and admit that "plaintiff was assigned to an upper bunk for the month of March of 2009 . . . ."  Dckt. No. 42 at 2.

As plaintiff now has a written description explaining the information contained in the housing report, as well as defendants' admission that he was assigned to an upper bunk for the month of March 2009, IT HEREBY IS ORDERED that plaintiff's opposition to defendants' supplemental discovery response (Dckt. No. 40), construed as a motion to compel, is denied as moot.

1    IT IS FURTHER ORDERED that plaintiff's December 10, 2010 request for an extension
2 of time to file an opposition to defendants' December 3, 2010 motion for summary judgment
3 (Dckt. No. 41), is denied as unnecessary, as plaintiff timely filed an opposition on December 14,
4 2010 (Dckt. Nos. 43-44).
5    So ordered.
6 DATED: January 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3