IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

        Plaintiff,                   No. CIV S-09-2665 GEB EFB P

    vs.

J.W. HAVILAND, et al.,

        Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Pending before the court are the parties' motions for summary judgment.  Dckt. Nos. 30, 38.  For the reasons stated below, the court recommends that defendants' motion be granted on the ground that plaintiff failed to exhaust administrative remedies and that plaintiff's motion be denied.

**I.    Background**

        This action proceeds on plaintiff's September 23, 2009 complaint on his claim that defendants Palwick, Peel, and Rosario were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  Dckt. Nos. 1, 6.  Plaintiff alleges that from January 22, 2009 through May 2009, defendants refused to assign plaintiff to a lower bunk despite their knowledge of plaintiff's serious back injury and a physician's chrono indicating that plaintiff should be assigned to a lower bunk.  Dckt. Nos. 1, 6.

Plaintiff moved for summary judgment on the ground that there is no triable issue of fact as to liability and that he is therefore entitled to judgment as a matter of law.  Dckt. No. 30. Defendants opposed the motion, Dckt. Nos. 31, and also moved separately for summary judgment on the grounds that: (1) there is no evidence defendants were deliberately indifferent to plaintiff's medical needs; (2) plaintiff failed to exhaust his administrative remedies; and (3) defendants are entitled to qualified immunity.  Dckt. No. 38.

**II.   Exhaustion Under The PLRA**

The court considers the exhaustion issue first, as exhaustion is a prerequisite to filing suit.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.

1  *Id.* § 3084.1(b).

2        Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

3  741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

4  critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

5  "available," there must be the "possibility of some relief. . . ."  *Booth*, 532 U.S. at 738.  Relying

6  on *Booth*, the Ninth Circuit has held:

7        [A] prisoner need not press on to exhaust further levels of review once he has
      received all "available" remedies at an intermediate level of review or has been
8        reliably informed by an administrator that no remedies are available.

9  *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

10        Although motions to dismiss for failure to exhaust administrative remedies prior to filing

11  suit are typically brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling

12  on such a motion requires the court to look beyond the pleadings in the context of disputed

13  issues of fact the court must do so under "a procedure closely analogous to summary judgment."

14  *Wyatt*, 315 F.3d at 1119, n.14.  Because care must be taken not to resolve credibility on paper as

15  it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to

16  exhaustion motions that require consideration of materials extrinsic to the complaint.  *See*

17  *Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug.

18  31, 2010).

19        Defendants bear the burden of proving plaintiff's failure to exhaust.  *Wyatt*, 315 F.3d at

20  1119.  To bear this burden:

21        a defendant must demonstrate that pertinent relief remained available, whether at
      unexhausted levels of the grievance process or through awaiting the results of the
22        relief already granted as a result of that process. Relevant evidence in so
      demonstrating would include statutes, regulations, and other official directives
23        that explain the scope of the administrative review process; documentary or
      testimonial evidence from prison officials who administer the review process; and
24        information provided to the prisoner concerning the operation of the grievance
      procedure in this case . . . . With regard to the latter category of evidence,
25        information provided [to] the prisoner is pertinent because it informs our
      determination of whether relief was, as a practical matter, "available."

26

1  *Brown*, 422 F.3d at 936-37 (citations omitted).

2        On March 18, 2010, the court informed plaintiff of the requirements for opposing a

3  motion to dismiss for failure to exhaust available administrative remedies as well as a motion

4  pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d

5  952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*,

6  849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

7  **III.  Discussion**

8        In support of their failure to exhaust argument, defendants submit: 1) the declaration of

9  Rebecca Fleischmann, Health Care Appeals Coordinator for the California Department of

10  Corrections and Rehabilitation ("CDCR") at California State Prison, Solano ("Fleischmann

11  Decl."); and 2) the declaration of Santos Cervantes, Appeals Coordinator for CDCR at California

12  State Prison, Solano ("Cervantes Decl.").

13        Fleischmann and Cervantes testify that from December 31, 2008 and June 14, 2010,

14  plaintiff submitted four inmate appeals that were accepted for review by the inmate appeal

15  system. Fleischmann Decl. ¶ 4, Ex. A; Cervantes Decl. ¶ 4, Ex. A.  These are (1) Log. No. SOL-

16  24-09-10890, (2) Log. No. SOL-24-09-12773, (3) Log. No. SOL-24-09-13330, and (4) Log. No.

17  CSP-S-09-1725.  Fleischmann Decl. ¶ 5; Cervantes Decl. ¶ 5.  None of these appeals mentioned

18  plaintiff's need for, or denial of, a lower bunk.  *See* Fleischmann Decl. ¶¶ 4-5, Ex. B (copy of

19  Log. No. SOL-24-09-10890) (wherein plaintiff complained of back pain and requested surgery),

20  Ex. C (copy of appeal Log. No. SOL-24-09-12773) (wherein plaintiff complained of back

21  spasms and requested a cane and mobility vest), Ex. D (copy of appeal Log. No. SOL-24-09-

22  13330) (wherein plaintiff complained of an injury to his hand and requested medical care);

23  Cervantes Decl. ¶¶ 4-5, Ex. B (copy of appeal Log. No. CSP-S-09-1725) (wherein plaintiff

24  complained of insomnia, mood swings and back spasms, and requested a back brace and the

25  right to file late inmate appeals because of his mental and health disabilities).  Since none of

26  these appeals alerted prison officials of plaintiff's claimed need for a lower bunk, they did not

exhaust plaintiff's administrative remedies as to that claim.  *See Griffin v. Arpaio*, 557 F.3d

1117, 1120 (9th Cir. 2009) ("a grievance suffices if it alerts the prison to the nature of the wrong

for which redress is sought").

> While defendants concede that three of the four appeals were pursued through the final level of review, those appeals had not been addressed at the final level of review at the time plaintiff commenced this lawsuit on September 23, 2009.  *See* Defs.' Mot. for Summ. J., Mem. of P. & A. in Supp. Thereof at 10; *see also* Fleischmann Decl. ¶ 5(B)-(C), Ex. C (Director's Level decision regarding Log. No. SOL-24-09-12773 dated March 15, 2010), Ex. D (Director's Level decision regarding Log. No. SOL-24-09-13330 dated March 29, 2010); Cervantes Decl. ¶ 5, Ex. A, Ex. B (Director's Level decision regarding Log. No. CSP-S-09-1725 dated November 6, 2009).  For this reason too, these appeals did not exhaust plaintiff's administrative remedies as to the claim raised in this action.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) ("PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending." (citing *McKinney*, 311 F.3d at 1199)).

> Based on the foregoing, the court finds that defendants have satisfied their initial burden of proving plaintiff's failure to exhaust.  In his opposition, plaintiff argues he should be excused from the exhaustion requirement because (1) he sought money damages, which are beyond the scope of the administrative appeal process, and (2) he submitted an inmate appeal regarding his need for a lower bunk but it was screened out as untimely.  Dckt. No. 43 at 9; Dckt. No. 44 at 8, 25-31.[1]

> Plaintiff's arguments lack merit.  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Moreover, "proper exhaustion of administrative remedies is

---

[1] These and subsequent page number citations to plaintiff's filings are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

1   necessary," and "[p]roper exhaustion demands compliance with an agency's deadlines and other

2   critical procedural rules . . . ."  *Woodford*, 548 U.S. at 84, 90; *see also Marella v. Terhune*, 568

3   F.3d 1024, 1026 (9th Cir. 2009) ("If a prisoner had full opportunity and ability to file a grievance

4   timely, but failed to do so, he has not properly exhausted his administrative remedies.").

5           Plaintiff's own evidence shows that he waited until July 18, 2009 to submit an inmate

6   appeal complaining that from February 2009 through May 23, 2009, defendants had not honored

7   his lower bunk chrono.  *See* Dckt. No. 44 at 27-30.  Plaintiff failed to file this appeal "within 15

8   working days" of the event being appealed, as required by then existing regulations.  *See* Dckt

9   No. 44 at 27 (citing Cal. Code Regs. tit. 15, § 3084.6(c)).[2]  Thus, the appeals coordinator

10  properly screened out the July 18 appeal.  *See* Dckt. No. 44 at 27.  In doing so, the appeals

11  coordinator also gave plaintiff an opportunity to resubmit the appeal with an explanation as to

12  why it was filed late.  *Id.*  In accordance with those instructions, plaintiff resubmitted the July 18

13  appeal on July 29, explaining that he was "unaware of the 602 appeal procedure," feared

14  retaliation, and "was not thinking correctly because of the continued pain and suffering

15  [plaintiff] was experiencing."  *Id.* at 31.  Plaintiff added that he was "unable to provide

16  supporting documentation at this time," although it is unclear what documentation plaintiff

17  would have provided.  *See id.*  The appeals coordinator screened out plaintiff's resubmitted

18  appeal on the ground that plaintiff's reasons for the untimely appeal were "not credible." *Id.* at

19  28.

20          The appeals coordinator properly screened out plaintiff's resubmitted appeal.  Plaintiff's

21  excuses for filing a late appeal are undermined by both defendants' evidence and plaintiff's

22  complaint.  During the time in which plaintiff could have timely submitted an appeal regarding

23  his need for a lower bunk, plaintiff submitted administrative appeals at various levels of review

24

25          [2] Section 3084.6(c) has since been amended and section 3084.8(b), effective January 28,
26  2011, now provides that an appeal must be submitted within "30 calendar days" of the event or
    decision being appealed.

                                                6

regarding other issues relating to his conditions of confinement.  *See* Fleischmann Decl., Ex. A
(noting plaintiff's appeals filed from March 2009 through May 2009).  Further, plaintiff alleged
in his complaint that he filled out health care services request forms on June 1, 2009 and June 3,
2009.[3]  *See* Dckt. No. 1 at 9-10.  Plaintiff's own actions discredit his claimed ignorance of the
inmate appeal process, fear of retaliation, and inability to think.  Nor does plaintiff submit any
evidence showing he was unable to timely appeal his lower bunk issue.

In screening out the July 29 appeal, the appeals coordinator again informed plaintiff that
if he believed the screen out was in error, he could submit another explanation with supporting
documents within fifteen days.  Dckt. No. 44 at 28.  There is no evidence that plaintiff ever re-
submitted this appeal as directed.  Rather, it appears that plaintiff attempted to improperly bypass
this step by directly requesting a "final decision" at the third level of review.  *Id.* at 25-26.

In light of the above, the court finds that plaintiff has failed to show that there is a
genuine dispute as to whether he properly exhausted his available administrative remedies or
should be excused from the exhaustion requirement.

**IV.    Conclusion**

Plaintiff failed to comply with regulations that required him to file his administrative
appeal within 15 working days of the alleged incident giving rise to his complaint.  Accordingly,
the court finds that plaintiff failed to exhaust available administrative remedies and that
defendants are entitled to dismissal of this action on that ground.  *See Wyatt*, 315 F.3d at 1120
(explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is
dismissal without prejudice).

---

[3] In his opposition to defendants' motion for summary judgment, plaintiff notes that he
filed a health care services request form relating to his need for a lower bunk in January of 2009.
Dckt. No. 43 at 7; Dckt. No. 44 at 24.  To the extent plaintiff argues this satisfied the exhaustion
requirement, the argument fails.  *See Chatman v. Felker*, No. Civ. S-03-2415 JAM EFB, 2011
U.S. Dist. LEXIS 10660, at *25  (E.D. Cal. Feb. 2, 2011) ("Under the PLRA, plaintiff must use
the grievance system to put prison officials on notice: giving notice through other channels is not
adequate.").

1    In accordance with the above,  IT IS HEREBY RECOMMENDED that:

2    1.  Defendants' December 3, 2010 motion for summary judgment, construed in part as an

3    unenumerated Rule 12(b) motion to dismiss, be granted without prejudice on the ground that

4    plaintiff failed to exhaust administrative remedies;

5    2.  Plaintiff's September 17, 2010 motion for summary judgment be denied as moot; and

6    3.  The Clerk be directed to close this case.

7    These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9    after being served with these findings and recommendations, any party may file written

10    objections with the court and serve a copy on all parties.  Such a document should be captioned

11    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

13    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14    Dated:  August 31, 2011.

15

16    EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26